

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-1097

| | |
|---|---|
| | **Opinion Delivered** June 18, 2014 |
| AMBER DODGE<br>APPELLANT | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. JV-2011-87] |
| V. | |
| | HONORABLE KEN COKER, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and J.H., K.F., and T.F., MINORS | |
| APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Judge

Amber Dodge appeals the Johnson County Circuit Court's decision to terminate her parental rights to her children J.H., K.F., and T.F. Amber's counsel has filed a motion to withdraw and a no-merit brief pursuant to our rules and caselaw, stating that there are no meritorious grounds to support an appeal. Ark. Sup. Ct. R. 6-9 (2013); *Linker-Flores v. Ark. Dep't Human Servs.*, 359 Ark. 131, 194 S.W. 739 (2004). Amber has filed pro se points for reversal under Ark. Sup. Ct. R. 6-9(i)(3) (2013). We have reviewed her pro se points, but none give us a legal basis to reverse the circuit court's decision. We therefore affirm the court's decision to terminate Amber's parental rights to J.H., K.F., and T.F. and grant counsel's motion to withdraw.

The Johnson County Circuit Court granted the Arkansas Department of Human Services (DHS) emergency custody of J.H., K.F., and T.F. on 25 September 2011 after

the children's father figure and J.H.'s biological father, Billy Harris, almost died from a drug overdose. The court adjudicated the children dependent-neglected in November 2011, "[s]pecifically due to inadequate supervision because of the father's drug use." For over a year and a half the case plan's goal was to reunite Amber with her children. In April 2013, however, the court changed the case goal from reunification to adoption. DHS petitioned to terminate Amber's parental rights in June 2013. The petition alleged that terminating Amber's parental rights was in the children's best interest and that two statutory grounds for termination existed under Arkansas Code Annotated sections 9-27-341(b)(3)(B)(i)(*a*) & (vii)(*a*) (Supp. 2011). In its September 2013 termination order the court found that DHS had proved all the statutory grounds alleged in its petition by clear and convincing evidence. The court also found that a termination of Amber's parental rights was in the children's best interest, that the children were likely to be adopted, and that they faced harm if returned to her. Amber appeals the court's decision.

We review termination of parental rights cases de novo. *Cheney v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 209, 396 S.W.3d 272. An order terminating parental rights must be based upon a finding by clear and convincing evidence that the sought after termination is in the children's best interest. The circuit court must consider the likelihood that the children will be adopted if the parent's rights are terminated and the potential harm that could be caused if the children are returned to a parent. *Harper v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 280, 378 S.W.3d 884. The circuit court must also find that one of the grounds stated in the termination statute is satisfied. *Id.* Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm

conviction that the allegation has been established. *Pratt v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 399, 413 S.W.3d 261. When the burden of proving a disputed fact is by clear and convincing evidence, we ask whether the circuit court's finding on the disputed fact is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *Id.*

In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. Ark. Sup. Ct. R. 6-9(i)(1) (2013). The petition must include an argument section that lists all adverse rulings that the parent received at the circuit court level and explain why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(i)(1)(A). The petition must also include an abstract and addendum containing all rulings adverse to the appealing parent that were made during the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i)(1)(B).

Amber's attorney maintains here that there would be no merit in challenging the sufficiency of the statutory grounds or the court's best-interest finding. We agree.

The circuit court terminated Amber's rights on two statutory grounds—the "failure to remedy" ground and the "other factors arising" ground. Amber's counsel argues that clear and convincing evidence supports both grounds. We need not address both grounds because DHS only had to prove one statutory ground to support a termination—and it

did so. The statutory ground on which we affirm the termination order is the "other factors" ground, which states:

> [O]ther factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that return of the juvenile to the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent return of the juvenile to the custody of the parent.

Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*) (Supp. 2011).

The circuit court decided to terminate Amber's parental rights on this statutory ground given Amber's inability to make safe decisions for her children. Although Amber had almost fully complied with the case plan, had a job at McDonald's for over two years, had a support group at church, and had adequate housing, the court still found that Amber "simply does not have the ability to protect her children which is a basic requirement for being a parent, and sadly, she is not going to be able to correct this problem within a reasonable time." DHS presented evidence showing that Amber let a man work on her car despite knowing that he was not a mechanic. That decision was unwise because her car's brakes failed and a tire came off the car (at separate times). The court found that Amber had lied to the caseworker about a man named Doug being at her house as he hid in her bathroom, poured money into a house with a man named Landon but was kicked out of it soon after, and failed to call the police when Chad Nichols tried to break into her house. Perhaps most important was that the evidence at the hearing also showed that Amber allowed her young daughter to be around Danny LeBlanc, a cousin who had sexually abused Amber when she was a child, during her visitation times with the child.

4

The court also noted that Amber had allowed LeBlanc to drive her car when he was drunk, which resulted in a car crash and Amber going to the hospital.

DHS also provided evidence about Amber's inability to remedy subsequent issues after the original dependency-neglect petition was filed. Here is some testimony from the children's caseworker, Siobhan Ming:

> If we [DHS] cannot cover every possible scenario, then there is a likelihood that something is going to go wrong. That's why I have to be specific and tell her bathe the children every day, feed them breakfast, feed them dinner, feed them, you know, lunch and hope that she can follow through with it.

Ming also reported that Amber had allowed a virtual stranger to babysit the children during Amber's overnight visitation time with them and that Amber could not make good parenting decisions even when Ming had given Amber very specific written instructions to follow during visitation with her children.

The bottom line for this appeal is that the circuit court may terminate Amber's rights even though she has complied with the case plan. The legal tipping point is whether the case plan resulted in Amber becoming a parent that could sufficiently care for her children. *Wright v. Ark. Dep't of Human Servs.*, 83 Ark. App. 1, 115 S.W.3d 332 (2003). The circuit court's finding that Amber manifested an indifference to her children, or lacked capacity to remedy the troublesome conduct that arose during the case's administration, is not clearly erroneous and is supported by the evidence.

The court's finding that it was in the children's best interest for Amber's rights to be terminated is also supported by the evidence. Caseworker Ming testified that the children were "very likely" to be adopted, and the court credited her testimony. There is

also sufficient evidence to support the court's finding that a substantial risk of harm existed if the children were returned to Amber's care. For example, the court specifically credited Dr. Nancy Powell's testimony that Amber's bipolar disorder, personality disorders, and low-level intelligence required much more therapy before Amber was able to adequately care for her children on her own. Dr. Powell did not recommend that the children be returned to Amber's custody, in part, because Amber "cannot see the ramifications of her [poor] decisions." Simply summarized, this case had been ongoing for more than two years; the court did not have to delay permanency for the children to give Amber more time to be able to care for the children on her own. *Wright*, *supra*. We therefore conclude that an appeal from the termination decision would be wholly without merit.

To round out our review, we note that the record contains a number of minor evidentiary objections. In the argument section of her brief, counsel has listed the adverse rulings and explained why no ruling presents a meritorious ground for reversal. After reviewing the record and counsel's brief, we agree with counsel that an appeal from these rulings would be wholly without merit.

Because Amber's counsel has complied with the requirements of *Linker-Flores* and the rules of this court, we affirm the court's termination order and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

WYNNE and WALMSLEY, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.

No response.